# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ANGELA E.,

      Plaintiff,

      v.

FRANK BISIGNANO,
  COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

No. 25 CV 3620

Magistrate Judge McShain

## MEMORANDUM OPINION AND ORDER

Plaintiff Angela E. appeals the Commissioner of Social Security's decision denying her application for benefits. For the following reasons, plaintiff's motion to reverse the Commissioner's decision [16] is granted, the Commissioner's motion for summary judgment [17] is denied, and the case is remanded for further administrative proceedings.[1]

## Background

In December 2021, plaintiff applied for a period of Title II disability and disability insurance benefits, alleging an onset date of May 18, 2021. [13-1] 15. The claims were denied initially, on reconsideration, and after a hearing before an administrative law judge ("ALJ"). [*Id.*] 15, 25. The Appeals Council denied review in January 2025, making the ALJ's decision the agency's final decision. [*Id.*] 1–3; *See* 20 C.F.R. §§ 404.955, 404.981. Plaintiff has appealed to this Court, and the Court has subject-matter jurisdiction under 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. [13-1] 18. At step two, the ALJ determined that plaintiff has the following severe impairments: "osteoarthritis of the right foot and ankle with neuropathy pain and chronic regional pain syndrome" as well as "obesity[.]" [*Id.*] 18. At step three, the ALJ concluded that plaintiff's impairments did not meet or equal the severity of a listed

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record, [13-1], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. [8].

impairment. [*Id.*] 18–19. Before turning to step four, the ALJ ruled that plaintiff had the residual functional capacity ("RFC") to perform sedentary work except that she (1) could only occasionally climb ladders, ropes, or scaffolds; and (2) could frequently climb ramps and stairs. [*Id.*] 19–23. At step four, the ALJ held that plaintiff could not perform her past relevant work. [*Id.*] 23. At step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform: charge account clerk (30,000 jobs), order clerk (20,000 jobs), and final assembler (20,000 jobs). [*Id.*] 23–24. Accordingly, the ALJ ruled that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the denial of benefits should be reversed because the ALJ (1) failed to address plaintiff's alleged need to elevate her right leg; (2) did not properly evaluate the opinion of plaintiff's treating advance practice nurse; and (3) failed to evaluate plaintiff's symptoms in accordance with SSR 16-3p. [16] 1. The Court agrees that the ALJ's failure to include any discussion regarding plaintiff's alleged need to elevate her leg leaves the Court unable to determine if the RFC fashioned by the ALJ is supported by substantial evidence. Accordingly, the Court finds that a remand is warranted to correct this error.

An RFC is the ALJ's description of the maximum type or level of work a plaintiff can do despite her limitations. *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). That unique RFC, along with other factors, is then used by a vocational expert to testify regarding what, if any, jobs exist in the national economy that plaintiff could perform. *See e.g.*, *Gail A. v. Kijakazi*, No. 22 CV 7248, 2023 WL 8451697, at *4 (N.D. Ill. Dec. 6, 2023). "An ALJ must evaluate all relevant evidence when determining an applicant's RFC[.]" *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012). "Although an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion; in so doing, [s]he may not ignore entire lines of contrary evidence." *Id.* at 592. "The ALJ must explain [her] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Moira L. v.*

*Kijakazi*, No. 19 C 2687, 2022 WL 846469, at *2 (N.D. Ill. Mar. 22, 2022) (citation modified).

During the hearing plaintiff testified that, while sitting, she needed to elevate her leg. [13-1] 40–41. This testimony was supported by a physical therapy treatment note which advised her to elevate her leg above her heart for edema and pain control. [13-1] 332. Social Security Ruling ("SSR") 96-8p instructs[3] ALJs that "[t]he RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." SSR 96-8p, at *7. Yet the ALJ's written decision includes no mention of this alleged limitation.

The Commissioner argues that "[t]aken as a whole, a one-time note from a physical therapist that leg elevation may be used to alleviate swelling and pain is not enough to overturn the ALJ's RFC and every medical opinion of record, and the ALJ therefore was under no obligation to include leg elevation in the RFC[.]" [17] 4. But the Court's role is not to weigh the evidence and confirm that an RFC is accurate, the Court must confine itself to reviewing the ALJ's decision. As the Seventh Circuit explained, in a similar case regarding the alleged need for a plaintiff to elevate his leg, the Commissioner cannot cure an ALJ's total failure to discuss a properly alleged limitation by pointing to the record evidence.[4] *Smith v. Astrue*, 467 F. App'x 507, 511 (7th Cir. 2012) (reversing where ALJ failed to explain in fashioning the RFC why she rejected plaintiff's need to elevate her leg: "But whatever the strength of this evidence, the ALJ did not rely on any of it in reaching her conclusion, and . . . what matters are the reasons articulated by the ALJ, not the rationale advanced by the government on appeal.") (internal citations omitted).

By not including any discussion regarding plaintiff's alleged need to keep her leg elevated, the ALJ has failed to build the "logical bridge" required for the Court to trace her reasoning and determine if her decision was supported by substantial evidence. *Kazmi v. Astrue*, No. 11 C 6123, 2012 WL 5200083, at *7–8 (N.D. Ill. Oct. 22, 2012); *Sherise K. v. Dudek*, No. 24 C 11199, 2025 WL 1260831, at *2 (N.D. Ill. Apr. 30, 2025) ("The court has to be able to trace the path of the ALJ's reasoning.").

---

[3] "Social Security Rulings lack the force and effect of law, but they are binding on ALJs." *Wilder v. Kijakazi*, 22 F.4th 644, 653 (7th Cir. 2022).

[4] In support of his argument, the Commissioner, in a footnote, cites *Michael A. v. Saul*, No. 19 C 2143, 2020 WL 1863248, at *4 (N.D. Ill. Apr. 14, 2020) and *Darlene C. v. Saul*, No. 19 C 5059, 2020 WL 6447641, at *7 (N.D. Ill. Nov. 3, 2020). [17] 4. However, these cases are distinguishable. In *Michael A.*, unlike this case, "there was no indication anywhere in the record that any medial professional believed [p]laintiff needed to elevate his legs or that [p]laintiff complained of needing to elevate his legs to any doctor." *Michael A.*, 2020 WL 1863248, at *4. In *Darlene C.*, the ALJ weighed the evidence and actually explained why plaintiff's need to elevate her feet was not incorporated into plaintiff's RFC, *Darlene C.*, 2020 WL 6447641, at *7, which is exactly what this Court is instructing the ALJ to do on remand.

And the ALJ's failure was not harmless. The ALJ asked the vocational expert ("VE") at the hearing: "[w]ould there be any sedentary jobs if someone had to elevate their right leg to the waist level for one-third of the workday?" [13-1] 45. And the VE responded "[n]o, I don't believe it would be possible." *Id.*

For the reasons stated above, the Court finds that the ALJ's failure to discuss plaintiff's alleged need to keep her leg elevated constitutes reversible error requiring remand. As such, the Court need not address plaintiff's remaining contentions as to how the ALJ erred.

### Conclusion

Plaintiff's motion to reverse and remand [16] is granted and defendant's motion for summary judgment [17] is denied. The decision of the Social Security Administration is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: March 31, 2026**

4